IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

                                          :

       v.          :   Criminal Case No. DKC 23-390

                                           :

MEHUL RAMESH KHATIWALA,
et al.          :

**MEMORANDUM OPINION**

Magistrate Judge Charles D. Austin signed an Order Setting Conditions of Release for Mehul Khatiwala. (ECF No. 110). The Government filed a Motion for Revocation of Release Order. (ECF No. 113).

When a person is ordered released by a magistrate judge, the attorney for the Government may file a motion for revocation of the order (or amendment of the conditions of release). 18 U.S.C. § 3145(a). The court advised the parties that, while *de novo* determination is required, a hearing is not. (ECF No. 114) (citing *United States v. Martin*, 447 F.Supp.3d 399, 402-03 (D.Md. 2020)). After the court conducted a scheduling telephone conference, the parties determined not to file substantive additions to their positions, although the Government filed the exhibits referred to in court, (ECF No. 122), and Defendant filed a brief response to the Government's motion, (ECF No. 120). Based on a *de novo* review of the written material and after reading the transcripts (and

listening to portions) of the detention hearings held on February 9 and April 10, 2024, the court concludes that the release order should be confirmed, with an added condition of computer monitoring.

Pursuant to 18 U.S.C. § 3142(g), the court considers information concerning four factors:  the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person (including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol use, criminal history, record concerning appearance at court proceedings, and whether the person was on probation or other form of release at the time of the current arrest), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  A person is to be released unless the court determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.  18 U.S.C. § 3142(b).  Detention based on danger must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f)(2)(B).

Mr. Khatiwala is charged in a thirty-one count indictment with conspiracy to commit bank fraud, conspiracy to make a false statement to a financial institution, conspiracy to engage in

2

illegal monetary transactions, attempted bank fraud, numerous counts of substantive bank fraud, false statements to a financial institution, and engaging in illegal monetary transactions, and one count of conducting a continuing financial crimes enterprise. That count carries a possible maximum sentence of life imprisonment. The Government moved for detention and continues to argue that there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant and the safety of any other persons and the community (citing 18 U.S.C. § 3142(f)(1)(B), (2)(A), and (2)(B)) (authorizing a detention hearing in cases involving an offense punishable by life in prison, a serious risk of flight, or a serious risk of attempted obstruction of justice). (ECF No. 113).

The Government's position is based primarily on its view that "the defendant is a serial fraudster who committed the current offenses while under this Court's release supervision after pleading guilty and while awaiting sentencing and designation to the Bureau of Prisons in *United States v. Khatiwala*, DKC 19-0145." (*Id.*). The Government also relies on the court's finding of obstruction of justice in the prior case.[1] (*Id.*).

---

[1] That finding was based on Mr. Khatiwala's failure to disclose certain bank accounts to the probation officer during preparation of a pre-sentence investigation report.

3

The conditions imposed by Judge Austin include home confinement[2] with location monitoring, a $5 million bond secured by five properties, obtaining no passport[3] or other travel documents, travel restricted to the district of New Jersey, avoiding all contact with co-defendants in both cases and others identified by the Government in writing, obtaining no new financing, directly or indirectly, from any financial institution, or otherwise taking part in seeking or receiving loans or grants without prior approval of the court, and obtaining no new employment without approval of pretrial services (he must advise any new employer of the pending charges.) (ECF No. 110).

Mr. Khatiwala is still serving the sentence imposed in 19-145. Once released in this case, he will be transferred to the custody of the Bureau of Prisons. He expects that, with proper calculation of good time credits, he will be released from the imprisonment portion of that sentence soon and will be on supervised release. Thus, if a pre-trial release order goes into effect in this case and he completes the imprisonment portion of his prior sentence, Mr. Khatiwala will simultaneously be on

---

[2] Home confinement involves 24-hour-a-day lockdown at the person's residence, except for medical necessities, attorney visits, court appearances, or other activities specifically approved by the court. It is more restricted than "home detention."

[3] His existing passport is already in custody of the court in the earlier case.

supervised release in the earlier case.  Those conditions include providing access to any requested financial information and not incurring new credit charges or opening additional lines of credit without the approval of the probation officer.  (Case No. 19-145, ECF No. 65).

Counsel stated to Judge Austin that monitoring of electronic devices by the installation of software could be an additional condition to mitigate the danger of Mr. Khatiwala violating pre-trial release conditions or committing a new offense.  (ECF No. 118, at 46).

This court's standard template includes the following conditions:

> ☒ **Computer Search**
> You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search.

> ☒ **Computer Monitoring Software**
> You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use. You must not make any attempt to circumvent or inhibit the software after its installation.  You must pay the costs of computer monitoring as directed by the probation officer.

> ☒ **Computer Search for Monitoring Software**
> To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning

effectively after its installation; and to determine
whether there have been attempts to circumvent or
inhibit the monitoring software after its installation.
You must warn any other people who use these computers
that the computers may be subject to searches pursuant
to this condition.

It is against the backdrop of these potential conditions of
release that the court must assess whether they suffice reasonably
to assure the appearance of Mr. Khatiwala, the safety of any other
person or the community, and the prevention of obstruction of
justice.   The Government does not meaningfully differentiate
between flight and danger in its arguments but argues that each
factor supports detention on both prongs.

The Government contends that the nature of the charges and
his prior criminal history "make him a serious risk of flight and
a danger to the community."   (ECF No. 88, at 6).   The court is
aware of the facts of the prior case, and the allegations in this
one, including the information provided during the sentencing
phase of the earlier case.   The Government also asserts that Mr.
Khatiwala "has a long history of contempt for this court' authority
to supervise him while on pretrial release."   (*Id.* at 11).   This
assertion is based on the Government's view that he committed the
current offenses while on release in the earlier case, meaning
that "he cannot be trusted" to abide by conditions of release.
(*Id.* at 12).   It relies on one of the factors to be considered,
whether the person was on release at the time of the current

offense, to argue also that there is a serious risk that Mr. Khatiwala will attempt to obstruct justice. (*Id.* at 18-21). Finally, the government points to the "scope and strength of the evidence" as well as the potential penalties, including a mandatory minimum sentence of 10 years if he is convicted of a CFCE violation, to argue that release is inappropriate. (*Id.* at 22). The government also questions the bona fides of the properties to be pledged, his overseas contacts, and access to substantial assets. (*Id.* at 24-26).

There is no question that Mr. Khatiwala faces serious charges and that the government is confident in its ability to prove them. The Grand Jury has found probable cause. He pled guilty to an earlier fraud scheme and was found willfully to have failed to provide financial information during the sentencing phase, the discovery of which led to the current charges. But the Government's repeated argument that he must be detained overstates the seriousness of the risk and ignores the comprehensive conditions that can be put in place to mitigate that risk.

First, for flight: he is a lifelong resident of New Jersey, has family there, his passport is already in the court's custody, and he will not be able to obtain another or other travel document, and he and others have signed a $5 million bond, secured by five properties. (While some of the others are family or involved in some way in Mr. Khatiwala's financial dealings, the properties are

not themselves involved in the fraud schemes.)  He will be on home
confinement with location monitoring.  And, despite whatever
transgressions he committed while on release in the prior case, he
did not fail to appear as required and he surrendered to serve the
sentence as directed.  The new charges add some concern,
particularly given the potential sentences.  He is energetically
challenging the new charges and the court does not find that the
flight risk is so great as to require detention.

Second, for danger: the community would, of course, be harmed
if Mr. Khatiwala were able to commit further frauds while preparing
for trial in this case, but the Government's view as to how easy
that would be while on home confinement is exaggerated,
particularly if computer monitoring software is in place and he is
prohibited from contact with his co-defendants.  Proceeding as
expeditiously as possible toward trial in this case will also
minimize risk – Mr. Khatiwala will be fully involved in preparing
to meet the charges, will not be permitted to conduct clandestine
financial transactions, and will not have contact with those the
Government alleges worked with him in the past.  The court
concludes that the risk of danger is not sufficient so as to
justify detention, particularly given the clear and convincing
standard that applies.

Finally, risk of obstruction of justice: Mr. Khatiwala now
knows that the Government learned of the financial information he

had withheld from probation, and he knows that there are consequences for violating conditions of release. His earlier transgression was not to attempt to tamper with evidence or witnesses. Again, the risk is not so serious as to justify detention.

In sum, whether considered separately or together, the risks of flight, danger, or obstruction of justice inherent in release are not so serious as to justify detention. For the foregoing reasons, based on a *de novo* review, the release order IS CONFIRMED, with the additional condition of computer monitoring. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
